UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **LUIS CABRERA MONTALVO,** individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>-against-<br><br>**BILFINGER, INC.; BILFINGER SALAMIS INC.; BILFINGER WESTCON INC.;**<br><br>Defendants | **No: 4:20-cv-2608**<br><br>**COLLECTIVE ACTION COMPLAINT** |

Luis Cabrera Montalvo ("Plaintiff" or "Montalvo"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers – nonexempt construction workers and laborers (collectively "Non-Exempt Laborers") – who work or have worked for Bilfinger, Inc., Bilfinger Salamis, Inc., and Bilfinger Westcon, Inc. (hereinafter, "Defendants" or "Bilfinger") throughout the United States.

2. According to their website, "Bilfinger is a leading international industrial services provider" services sectors that include "chemical and petrochemicals, energy, oil and gas, pharmaceuticals and biopharma, metallurgy and cement."[1] Bilfinger describes itself as having

---

[1] About us: Bilfinger Website, available at https://www.bilfinger.com/en/company/about-us/profile/ (last accessed July 21, 2020).

1

"34,000 employees" and "generated revenues of €4.327 billion in financial year 2019."[2]

3. The various Bilfinger companies are linked together through a common central website – www.is-usa.bilfinger.com. Here, prospective employees can search and apply for jobs with Bilfinger throughout the United States. Other Bilfinger-related websites include www.westcon.bilfinger.com and www.bisalamis.com.

4. Bilfinger focuses much of its work in North America, including various regions throughout the United States. In this regard, recent job postings on Bilfinger's website show advertisements for Non-Exempt Laborers in states such as Texas, Georgia, Louisiana, Pennsylvania, Missouri, West Virginia, Michigan, Wisconsin, Mississippi, Alabama, Florida, and Iowa.[3]

5. Relevant here, Bilfinger was chosen as the principal subcontractor by Braksem and The Linde Group for construction of the $675 million polypyrene production plant in La Porte, Texas.[4] This construction project required approximately 1,000 development and construction workers, who were staffed and supervised by Bilfinger.

6. In order to meet the Braksem construction project, along with construction projects around the United States, Bilfinger employs hundreds of Non-Exempt Laborers.

7. Bilfinger pays its Non-Exempt Laborers partly on an hourly basis, and then also pays them additional "per diem" or "subsistence" wages.

8. Despite being non-exempt employees, Bilfinger has failed to properly pay Non-Exempt Laborers overtime compensation at 1.5 times their regular rate of pay. Specifically,

---

[2] I*d.*
[3] Current Openings: Bilfinger Website (available at https://www.is-usa.bilfinger.com/careers/current-openings/ (last accessed July 21, 2020).
[4] About: Braskem Website, available at www.braskem.com.br/usa/delta-about (last accessed July 22, 2020).

Bilfinger did not factor in all compensation it paid Non-Exempt Laborers when calculating the regular rate of pay for purposes of calculating and paying overtime. As a result, Bilfinger has significantly underpaid Non-Exempt Laborers for overtime hours worked.

9. Plaintiff brings this action on behalf of himself and all other similarly situated Non-Exempt Laborers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

11. The proposed collective action includes a total number of plaintiffs in excess of 100.

12. Venue is proper in the Houston Division of the Southern District of Texas because Defendants resides in this District and perform substantial business in this District.

## THE PARTIES

**Plaintiff**

**Luis Cabrera Montalvo**

13. Montalvo is an adult individual who is a current resident of the State of Texas, specifically, Harris County, Texas.

14. Montalvo was employed by Bilfinger as a painter from approximately February 2020 through March 2020 at its Braskem job site located at 8811 Strang Road, La Porte, Texas 77571.

15. At all relevant times, Montalvo was an "employee" of Bilfinger as defined by the FLSA.

16. At all relevant times, Bilfinger was Montalvo's "employer" as defined in the FLSA.

3

17. A written consent form for Montalvo is being filed with this Collective Action Complaint as Exhibit 1.

**Defendants**

18. Bilfinger, Inc.; Bilfinger Westcon Inc.; and Bilfinger Salamis Inc. have jointly employed Plaintiff and similarly situated employees at all time relevant.

19. Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

20. During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA.

**Bilfinger, Inc.**

21. Bilfinger, Inc. is a foreign for-profit corporation organized and existing under the laws of Delaware.

22. Bilfinger, Inc.'s principal executive office and corporate headquarters are located at 1450 Lake Robbins Drive, Suite 200, The Woodlands, Texas 77380.

23. Bilfinger, Inc. lists its registered agent as CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

24. At all relevant times, Bilfinger, Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices. In this regard, Bilfinger, Inc., 1450 Lake Robbins Drive, Suite 200, The Woodlands, Texas 77380 appears on Plaintiff's paystubs.

25. Bilfinger, Inc. applies the same employment policies, practices, and procedures to all Non-Exempt Laborers Workers at their job locations throughout the United States.

26. At all times relevant to this lawsuit, Bilfinger, Inc. is/has been an enterprise engaged in commerce under the FLSA pursuant to § 203(s)(1).

27. At all times relevant to this lawsuit, Bilfinger, Inc. has employed, and continues to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. For instance, Plaintiff and the putative Collective Action Members worked in connection with the construction of large industrial sites for later refinement and sale to end customers.

28. At all times relevant to this lawsuit, Bilfinger, Inc. has employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include tools, vehicles, equipment, and supplies/materials used in connection with industrial construction projects.

29. At all times relevant, Bilfinger, Inc. has had an annual gross volume of sales in excess of $500,000.00.

**Bilfinger Salamis Inc.**

30. Bilfinger Salamis Inc. is a foreign for-profit corporation organized and existing under the laws of Louisiana.

31. Bilfinger Salamis Inc. principal executive office and corporate headquarters are located at 1450 Lake Robbins Drive, Suite 200, The Woodlands, Texas 77380. In or around January 2020, Bilfinger Salamis Inc. merged with Bilfinger, Inc.

32. Bilfinger Salamis Inc. lists its registered agent as CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

33. At all relevant times, Bilfinger Salamis Inc. has maintained control, oversight, and

direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices. In this regard, Bilfinger Salamis Inc. is the corporate entity identified on Plaintiff's job application and new hire paperwork.

34. Bilfinger Salamis Inc. applies the same employment policies, practices, and procedures to all Non-Exempt Laborers Workers at their job locations throughout the United States.

35. At all times relevant to this lawsuit, Bilfinger Salamis Inc. is/has been an enterprise engaged in commerce under the FLSA pursuant to § 203(s)(1).

36. At all times relevant to this lawsuit, Bilfinger Salamis Inc. has employed, and continues to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. For instance, Plaintiff and the putative Collective Action Members worked in connection with the construction of large industrial sites for later refinement and sale to end customers.

37. At all times relevant to this lawsuit, Bilfinger Salamis Inc. has employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include tools, vehicles, equipment, and supplies/materials used in connection with industrial construction projects.

38. At all times relevant, Bilfinger Salamis Inc. has had an annual gross volume of sales in excess of $500,000.00.

**Bilfinger Westcon Inc.**

39. Bilfinger Westcon Inc. is a foreign for-profit corporation organized and existing under the laws of North Dakota.

40. Bilfinger Westcon Inc. principal executive office and corporate headquarters were previously located at 7401 Yukon Drive, Bismarck, North Dakota 58503.

41. In or around January 2020, Bilfinger Westcon Inc. merged with Bilfinger, Inc.

42. At all relevant times, Bilfinger Westcon Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices. In this regard, Bilfinger Westcon Inc. is the entity who was awarded the construction contract for job site located at 8811 Strang Road, La Porte, Texas 77571, the job site at which Plaintiff was employed.

43. Bilfinger Westcon Inc. applies the same employment policies, practices, and procedures to all Non-Exempt Laborers Workers at their job locations throughout the United States.

44. At all times relevant to this lawsuit, Bilfinger Westcon Inc. is/has been an enterprise engaged in commerce under the FLSA pursuant to § 203(s)(1).

45. At all times relevant to this lawsuit, Bilfinger Westcon Inc. has employed, and continues to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. For instance, Plaintiff and the putative Collective Action Members worked in connection with the construction of large industrial sites for later refinement and sale to end customers.

46. At all times relevant to this lawsuit, Bilfinger Westcon Inc. has employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily

7

work that were moved in and/or produced for commerce by other people.  Examples of such goods and/or materials include tools, vehicles, equipment, and supplies/materials used in connection with industrial construction projects.

47.     At all times relevant, Bilfinger Westcon Inc. has had an annual gross volume of sales in excess of $500,000.00.

**FACTS**

48.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Luis Cabrera Montalvo**

49.     Montalvo was employed by Defendants as a painter – a non-exempt laborer – from approximately February 2020 through March 2020 at the job site located at 8811 Strang Road, La Porte, Texas 77571.

50.     During the course of his employment, Montalvo regularly worked over 40 hours per week.  In this regard, unless he missed time for vacation, sick days or holidays or had to work an extended shift, Montalvo generally worked 10 to 12 hours per day, from anywhere between 5 to 7 days per week.

51.     Despite regularly working over 40 hours per week, Defendants did not properly pay Montalvo proper overtime compensation for all hours worked over 40.  In this regard, Defendants compensated Montalvo in part on an hourly basis, specifically, $18.00 per hour.  In addition to this hourly wage, Montalvo also received additional remuneration in the form of so-called "per diem" or "subsistence" pay.

52.     Although Defendant paid Plaintiff overtime compensation for his hours of work at one and one-half times his hourly rate of pay, Defendants failed to include all remuneration, *i.e.*,

8

so-called "per diem" pay, as required by the FLSA in calculating Plaintiff's regular rate of pay. This resulted in Plaintiff not being paid all overtime premium compensation owed by Defendants.

53. Defendants paid the so-called "per diem" pay to Non-Exempt Laborers like Plaintiff who were part of a local workforce.

54. Defendants treated the so-called "per diem" pay as regular wages like Plaintiff's hourly rate of pay. In this regard, these wages were paid on the same paycheck as Plaintiff's hourly rates of pay and appear under normal year-to-date earnings.

55. Defendants' so-called "per diem" pay was based on the hours worked by Plaintiff. In this regard, Plaintiff was required to work a requisite number of hours in order to qualify for the per diem pay.

56. Plaintiff worked with numerous other hourly-paid employees of Defendants who similarly routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid additional remuneration in the form of so-called "per diem" pay in addition to their hourly pay, and did/do not receive all overtime compensation owed by Defendant due to Defendant not including all remuneration required by the FLSA in their respective regular rates of pay.

## COLLECTIVE ACTION ALLEGATIONS

57. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Laborers for Bilfinger who received per diem or subsistence pay that is not included in their regular rate of pay for overtime purposes throughout the United States and who elect to opt-in to this action (the "FLSA Collective").

58. Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate

Plaintiff and the FLSA Collective.

59. Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

60. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

61. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

62. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly pay overtime compensation to its employees.

63. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

64. There are many similarly situated current and former Non-Exempt Laborers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

65. Those similarly situated employees are known to Defendants, are readily

identifiable, and can be located through Defendants' records.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

66. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

68. During this time, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per week.

69. Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay, which should have included all compensation earned per workweek – for all hours worked beyond 40 per workweek.

70. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Laborers who are

presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Bilfinger. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

      B.      Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

      C.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

      D.      Reasonable attorneys' fees and costs of the action; and

      E.      Such other relief as this Court shall deem just and proper.

Dated: July 22, 2020
       Houston, Texas

Respectfully submitted,

*/s/ Ricardo J. Prieto*
Ricardo Prieto

**SHELLIST LAZARZ SLOBIN LLP**
Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
marbuckle@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
jfitapelli@fslawfirm.com
Armando A. Ortiz, *pro hac vice forthcoming*
aortiz@fslawfirm.com
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
Facsimile: (212) 481-1333

*Attorneys for the Plaintiff and Putative Collective*